IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51295
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAUL CHAVEZ-ZARZA, also known as Romero Gonzalez-Zarza,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. ER-01-CR-1125-1-EP
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Raul Chavez-Zarza ("Chavez") appeals the sentencing following his guilty plea conviction for illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Chavez argues that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in his indictment. He also argues that in light of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Apprendi v. New Jersey, 530 U.S. 466 (2000), the district court erred in imposing a sentence greater than the two-year maximum sentence permissible under 8 U.S.C. § 1326 because the Government did not plead Chavez' prior aggravated felony in the indictment.

Chavez acknowledges that his arguments are foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issues for Supreme Court review. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). Chavez' argument is foreclosed. See Almendarez-Torres, 523 U.S. at 235.

For the foregoing reasons Chavez' sentence is AFFIRMED.